FILED'07 MAY 21 14:42USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MOHAMAD FARSI, | CV. 07-131-PK |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| STERLING JEWELERS, INC., Defendant. | |

PAPAK, Magistrate Judge:

Plaintiff Mohamad Farsi ("Farsi"), a former employee of Defendant Sterling Jewelers, Inc. ("Sterling"), filed this action in Multnomah County Circuit Court alleging that Sterling discriminated against Farsi because Farsi filed a workers compensation claim. Sterling removed the case to U.S. District Court on January 26, 2007, pursuant to 28 U.S.C. § 1441. This court has jurisdiction over the claim pursuant to 28 U.S.C. § 1332(a)(1), based on diversity of citizenship and the amount in controversy exceeding $75,000.

On February 7, 2007, Sterling moved for a stay pending referral to Sterling's mandatory

Page 1 - FINDINGS AND RECOMMENDATION

arbitration program. For the reasons set forth below, Sterling's motion should be granted and this case should be stayed pending arbitration.

MOTION TO STAY

The Federal Arbitration Act ("FAA"), 9 .U.S.C. § 1 et seq., provides that written arbitration agreements involving interstate commerce "shall be valid, binding, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Agreements to arbitrate shall be "rigorously enforced." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221 (1985).

The FAA encompasses agreements to arbitrate arising from employment contracts. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 122-23 (2001); EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742 (9th Cir. 2003) (employers may require mandatory arbitration of Title VII claims as condition of employment). Arbitration agreements in employment contexts have been repeatedly favored by the Supreme Court, as "arbitration agreements allow parties to avoid the cost of litigation, a benefit that may be of particular importance in employment litigation, which often involves smaller sums of money than disputes concerning commercial contracts." Adams, 532 U.S. at 123; see also Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) (compelling arbitration of age discrimination claim).

Section 3 of the FAA provides for stays of proceedings in federal district court when an issue in the proceeding is one that the parties had previously agreed to resolve through arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such

Page 2 - FINDINGS AND RECOMMENDATION

> suit is pending, upon being satisfied that the issue involved in such
> suit or proceeding is referable to arbitration under such an
> agreement, shall on application of one of the parties stay the trial of
> the action until such arbitration has been had in accordance with
> the terms of the agreement, providing the applicant for the stay is
> not in default in proceeding with such arbitration.

9 U.S.C.A. § 3.

## FACTS

Sterling employed Farsi from October 29, 2002 through September 16, 2004.[1]  Farsi's

employment contract, signed on October 28, included information about Sterling's employment

arbitration agreement program, Resolve.  The Resolve Program Alternative Dispute Resolution

Arbitration Agreement ("Resolve Agreement") includes the statement in bold typeface: "I

understand that by signing this Agreement I am waiving my right to obtain any legal or equitable

relief (e.g., monetary, injunctive, or reinstatement) through any court, and I am also waiving my

right to commence any court action to the extent that is permissible under law."  The employment

contract with the Resolve Agreement were presented to Farsi at the time of employment.  Farsi

concedes that he signed the Resolve Agreement.  While a mandatory provision of the

employment contract, the Resolve Agreement provided Farsi with seven days to revoke

acceptance.

The Resolve Agreement covers specific itemized claims, including discrimination,

harassment, retaliation for filing of a protected claim, violations of laws affecting terms of

employment, personal injuries, breach of contract, and misconduct.  The Resolve Agreement

---

[1]Farsi's contract for employment, signed and dated October 28, 2002, predates his
application for employment, signed and dated November 11, 2002.  The parties are in agreement,
however, on dates of employment.  Further, the parties agree that the Resolve Agreement was
signed at the time Farsi entered into an employment contract.

Page 3 - FINDINGS AND RECOMMENDATION

carves out exceptions to the arbitration process, specifically Workers' Compensation claims, criminal charges, unemployment benefits' claims, and employment decisions not related to discrimination, harassment, or violations of law. The Resolve Agreement sets a one-year time limit for initiating the three-step dispute resolution process. The first step of completing a "Program Claim Form" and speaking with an "Employee Relations Specialist" is followed by mediation and a panel review, with the final step being submission of the issue to formal arbitration. Based on the terms of the Resolve Agreement, the employee pays for the first $150 of the dispute resolution process, with Sterling paying any additional costs. Potential remedies do not appear to be limited by the terms of the Resolve Agreement.

The Resolve Agreement includes a provision for severability. Should a court find any part of the Resolve Agreement illegal or unenforceable, the remainder of the Resolve Agreement remains in effect. The Resolve Agreement invokes the FAA as authority, and selects Ohio state law for interpretation of the Resolve Agreement. The Resolve Agreement includes a right to revoke the signing within seven days, which also results in termination of employment at Sterling.

Farsi injured his ankle on March 9, 2004, while at the workplace and filed a workers compensation claim. Farsi did not work for a period of time following the injury, but returned to work on "light restricted duty" on April 27, 2004. On August 5, 2004, Farsi was eligible to return to full, unrestricted duty. Sterling terminated Farsi on September 16, 2004, alleging sales goals deficiencies.

Farsi then filed this lawsuit alleging that Sterling discriminated against him by failing to adhere to Farsi's work restrictions during the period of light restricted duty, and by failing to

Page 4 - FINDINGS AND RECOMMENDATION

return Farsi to full duty when he was eligible.

ANALYSIS

In determining whether to enter a stay pursuant to §3, the court must make a two-step inquiry. <u>AT & T Technologies, Inc. v. Communications Workers of America</u>, 475 U.S. 643, 648 (1986). First, the court must determine whether the parties have entered into a valid agreement to arbitrate. <u>Id.</u> Second, the court must determine whether the asserted claims fall within the scope of the arbitration agreement. <u>Id.</u> Here, Farsi argues only that the alleged arbitration agreement is unconscionable, and therefore invalid, because it is an adhesion contract and waives rights provided to Farsi by statute. Farsi does not argue that asserted claims fall outside the scope of the alleged agreement.

In determining whether parties have entered into a valid arbitration agreement, federal courts should apply "ordinary state-law principles that govern the formation of contracts." <u>Circuit City Stores, Inc. v. Adams</u>, 279 F.3d 889, 892 (9th Cir. 2002). The court may apply "generally applicable contract defenses, such as fraud, duress, or unconscionability" without contravening federal law. <u>Al-Safin v. Circuit City Stores, Inc.</u>, 394 F.3d 1254, 1257 (9th Cir. 2002)(citing <u>Doctor's Assocs., Inc. v. Casarotto</u>, 517 U.S. 681, 687 (1996)).

As an initial matter, the court must decide whether to apply the state law of Oregon or Ohio. As this court is sitting in diversity, the court applies Oregon's choice of law rules to determine which state's law governs the Resolve Agreement. <u>Klaxton Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 497 (1941).

Sterling argues that Ohio law applies to the Resolve Agreement, and directs the Court to the terms of the Resolve Agreement, which provides "This Agreement shall be governed by and

Page 5 - FINDINGS AND RECOMMENDATION

shall be interpreted in accordance with the laws of the state of Ohio."  Farsi agrees that Oregon

does provide parties with the opportunity to select the law which will govern all or part of

contractual rights, but argues that the Resolve Agreement was a contract of employment for

services to be rendered in Oregon and, pursuant to ORS § 81.105(3), the court must apply

Oregon law.  ORS 80.105(3) provides,

> Notwithstanding any other provision of ORS 81.100 to 81.135, but
> subject to the limitations on applicability imposed by ORS 81.102,
> the law of Oregon applies to the following contracts:
> . . . .
>
> (3) A contract of employment for services to be rendered primarily
> in Oregon by a resident of Oregon.

The Resolve Agreement is not a contract of employment.  It does not address the terms of

Farsi's employment, such as the nature of, location of, or compensation for services.  The

Resolve Agreement is an agreement to arbitrate any dispute arising out of the Farsi's

employment, but it exists independently of the employment contract.  ORS 80.105(3) does not

apply.

Under Oregon law, the parties' choice of law will be honored unless application of Ohio

law violates a "fundamental policy" of Oregon law.  ORS § 81.120 (1); ORS § 81.125 (c).  The

FAA also allows parties to designate choice of law provided that it does not "undermine the

goals and policies of the FAA." Volt Info. Sciences v. Leland Stanford Jr. U., 489 U.S. 468, 478

(1989)  (upholding choice of law provision calling for application of California procedural rule to

arbitration agreement because it did not conflict with substantive features of FAA). Both Ohio

and Oregon favor arbitration as a matter of policy. See, e.g., Gaffney v. Powell, 668 N.E.2d 951,

954 (Ohio App. 1995) (stating that "[a]s a matter of policy, the law favors and encourages

Page 6 - FINDINGS AND RECOMMENDATION

arbitration") and <u>Russell v. Kerley</u>, 159 Or. App. 647, 650, 978 P.2d 446, 448 (1999) (noting

Oregon's policy to construe general arbitration agreements broadly).  Application of Ohio law to

the Resolve Agreement would not violate Oregon's policy regarding arbitration or the FAA and

the parties' choice of law should, therefore, be honored.

      Unconscionability is "an absence of meaningful choice on the part of one of the parties to

a contract, combined with contract terms that are unreasonably favorable to the other party."

<u>Collins v. Click Camera & Video, Inc.</u>, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294, 1299 (Ohio

App. 1993). In order to establish unconscionability, Farsi must show that the Resolve Agreement

was both substantively and procedurally unconscionable.  <u>Id.</u>  Substantive unconscionability

looks to the commercial reasonableness of the contract and exists where the contract terms are

unfair and unreasonable.  <u>Id.</u>  Procedural unconscionability looks to those factors bearing on the

relative bargaining position of the contracting parties.  <u>Collins v. Click Camera & Video, Inc.</u>, 86

Ohio App.3d 826, 834, 621 N.E.2d 1294, 1299 (Ohio App. 1993).

      The Resolve Agreement is not substantively unconscionable. Under the Agreement, Farsi

would pay the first $150 of any costs, with Sterling paying any remainder.  Potential remedies are

not limited by the terms of the Agreement.  Any arbitration award is final and binding on both

parties and its enforcement can be sought by either in a court of law. I find no unfair or

unreasonable terms contained in the agreement.

      Farsi argues that the Resolve Agreement is substantively unconscionable because it

requires the employee to file a complaint with the Resolve Program administrator within one year

of the alleged unlawful activity.  Farsi did not submit a claim within one year, and argues that

this restriction on his right to seek relief is unconscionable.  The applicability of an arbitration

Page 7 - FINDINGS AND RECOMMENDATION

agreement's statute of limitations is a question for the arbitrator, not the court.  Howsam v. Dean

Witter Reynolds, Inc., 537 U.S. 79, 85 (2002).   Parties may agree to a shorter limitations period

so long as the period is reasonable. Morrison v. Circuit City Stores, Inc., 70 F. Supp. 2d 815, 827

(S.D. Ohio 1999).  The time for filing a claim under the Resolve Agreement is the same time

allowed to file a claim with BOLI, which Farsi did.  I find that the time limitation agreed to by

the parties is not unreasonable.  Id. (applying Ohio law and finding a one-year limitations period

to be fair and reasonable)

Farsi also argues that the Resolve Agreement is substantively unconscionable because,

under the American Arbitration Association ("AAA")[2] rules, the arbitrator has discretion to limit

pre-trial discovery.  The Resolve Program Arbitration Rules, which control if in conflict with

AAA rules, provides for discovery under the Federal Rules of Civil Procedure:

> The parties may engage in any method of discovery as outlined in
> the Federal Rules of Procedure (exclusive of Rule 26(a)[3]).  Such
> discovery includes discovery sufficient to arbitrate adequately a
> claim, including access to essential and relevant documents and
> witnesses.  Discovery disputes are subject to the Federal Rules of
> Evidence and the Federal Rules of Civil Procedure.

An  arbitration agreement must contain "basic procedural and remedial protections so that

claimants can effectively pursue their statutory rights." Adams, 279 F.3d at 895. Farsi's right to

adequate discovery is provided for in the Resolve Agreement.  Moreover, any limits on discovery

would  apply equally to Farsi and Sterling.

---

[2] The Resolve Agreement provides that the arbitration will be governed by the Federal
Arbitration Act, the substantive law of the jurisdiction where the complaint arose, the National
Rules for the Resolution of Employment Disputes of the American Arbitration Association and
the Resolve Program Arbitration Rules.

[3]Rule 26(a) provides for required initial, expert, and pre-trial disclosures by the parties.

Page 8 - FINDINGS AND RECOMMENDATION

Nor is the Resolve Agreement procedurally unconscionable. In determining procedural unconscionability, a court considers "factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible." Cross v. Carnes, 132 Ohio App.3d 157, 170, 724 N.E.2d 828, 837 (Ohio App.3d 1998).

Farsi makes two arguments on this point. First, Farsi argues that the Resolve Agreement was an adhesion contract because it was presented on a "take it or leave it" basis, and is, therefore, unconscionable. Not all adhesion contracts are unconscionable. "[M]ere inequality of bargaining power is insufficient to invalidate an otherwise enforceable arbitration agreement." Melia v. OfficeMax North Am., Inc., 2006 WL 2627448, *5 (Ohio App.) (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33(1991); Neubrander, at 311.) In the employment context, Ohio courts have held that " when a candidate for employment is free to look elsewhere for employment, and is not otherwise forced to consent to the arbitration agreement, the agreement to arbitrate is not unconscionable." Melia, 2006 WL 2627448, *5.

Second, Farsi claims that he was not aware of the Resolve Agreement. He does not, however, dispute that his signature appears on the Resolve Agreement or make any argument to the effect that he lacked the capacity to understand what he was signing. The Ohio courts have stated that the crucial question is whether "each party to the contract, considering his [or her] obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze of fine print . . . ?" Ohio Univ. Bd. of Trustees v. Smith,, 132 Ohio App.3d 211, 220, 724 N.E.2d 1155, 1161 (1999). The Resolve

Page 9 - FINDINGS AND RECOMMENDATION

Agreement, a stand alone two-page document, was presented to Farsi before he commenced

employment with Sterling, bears Farsi's signature, and contains language acknowledging that

Farsi had been notified of his right to consult with an attorney and revoke his agreement within

seven days of signing. This agreement does not reach the level of procedural unconscionability.

Because all of Farsi's claims in this action are subject to arbitration under the Resolve

Agreement, the court should stay this action.

## CONCLUSION

For the foregoing reasons, Sterling's Motion to Stay (No. 9) should be granted and this

action should be stayed pending arbitration.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review. Objections, if any, are due June 4, 2007. If no objections are filed, review of

the Findings and Recommendation will go under advisement on that date. If objections are filed,

a response to the objections is due fourteen days after the date the objections are filed and the

review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 21st day of May, 2007.

Honorable Paul Papak
United States Magistrate Judge